**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

MARK ALLEN OLVERA, )
 )
 Plaintiff, ) **CIVIL ACTION**
 )
v. ) No. 09-1138
 )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
 )
 Defendant. )
_____)

**MEMORANDUM AND ORDER**

**I.  INTRODUCTION**

Before the court are the following:

(1) United States Magistrate Judge Gerald B. Cohn's Recommendation and Report (Doc. 23); and

(2) Defendant's objections (Doc. 24).

Magistrate Judge Cohn's April 23, 2010, Recommendation and Report (R and R) recommends that this case be reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g). Defendant objects only to Magistrate Judge Cohn's conclusion "that the Appeals Council erred by failing to consider the January 2009 opinion of Rex Keith, M.D.[,]" which was new, material, and chronologically relevant. (Doc. 24 at 1). After reviewing the appropriate portions of the administrative record as well as the briefs submitted to Magistrate Judge Cohn, the court adopts the Recommendation and Report. The decision of the Commissioner is reversed and remanded.

**II.  STANDARDS**

The standards this court must employ upon review of defendant's objection to the Recommendation and Report are clear. See generally

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. First, only those portions of the Recommendation and Report defendant specifically identified as objectionable will be reviewed. See Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000). Second, review of the identified portions is de novo. Thus, the Recommendation and Report is given no presumptive weight. See Griego v. Padilla, 64 F.3d 580, 583-84 (10th Cir. 1995).

The ALJ's decision is binding on the court if supported by substantial evidence. See 42 U.S.C. § 405(g); Dixon v. Heckler, 811 F.2d 506, 508 (10th Cir. 1987). The court must determine whether the record contains substantial evidence to support the decision and whether the ALJ applied the proper legal standards. See Castellano v. Sec'y of Health and Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). While "more than a mere scintilla," substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (interpreting "substantial evidence" as found in the original form of section 10(e) of the NLRA)). "Evidence is not substantial 'if it is overwhelmed by other evidence–particularly certain types of evidence (e.g., that offered by treating physicians) or if it really constitutes not evidence but mere conclusion.'" Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)).

### III. ANALYSIS

Plaintiff seeks disability insurance benefits and supplemental security income payments and thus bears the burden of proving a

disability within the meaning of the Social Security Act.  See Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006).  The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."  42 U.S.C. § 423(d)(1)(A) (2000).  The Act further provides that an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A) (2000).

To determine whether plaintiff is disabled, the Commissioner applies a five-step sequential evaluation: (1) whether plaintiff is currently engaged in substantial gainful activity, (2) whether he suffers from a severe impairment or combination of impairments, (3) whether the impairment is equivalent to a listed impairment (4) whether plaintiff's RFC prevents him from continuing past relevant work, and (5) whether plaintiff has the RFC to perform other work. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005).  "If a determination can be made at any of the steps that claimant is or is not disabled, evaluation under a subsequent step is not necessary." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

Magistrate Judge Cohn determined that the Appeals Council failed at step four because there was no evidence in the record that the

-3-

Appeals Council ever made the January 26 opinion part of the record.[1] Likewise, the Appeals Council makes no reference to the January 26, 2009, opinion in its February 18 and March 9, 2009, decisions denying plaintiff's request for review.

"Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), the Appeals Council must consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relate[d] to the period on or before the date of the ALJ's decision.'" Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). If the evidence meets the three-part test and the Appeals Council did not consider it, then the case should be remanded. Id.

Plaintiff submitted the January 26 opinion to the Office of Disability Adjudication and Review on January 28, 2009. There is no objection to Magistrate Judge Cohn's findings that the Appeals Council did not consider the January 26 opinion. Instead, defendant objects to Magistrate Judge Cohn's findings that the opinion met the three-part test.

First, defendant contends that the January 26 opinion was not new evidence because it was based on treatment notes contained within the administrative record and derivative of information already before the ALJ. "Evidence is new within the meaning of § 404.970(b) 'if it is not duplicative or cumulative[.]'" Boone v. Apfel, No. 98-7176, 1999 WL 668253, at *2 (10th Cir. Aug. 26, 1999).

---

[1] On March 9, 2009, the Appeals Council made additional medical records dated January 28, 2009, submitted by plaintiff part of the record.

-4-

The court finds that Dr. Keith's medical opinion was new evidence. On January 5, 2007, Dr. Keith's treatment plan included a "letter for can't work." (Doc. 14-4 at 17). Defendant cites a portion of the administrative record (Tr. 12A, 512-19) in his argument that the medical opinion is a derivative of the record. However, the court finds that different chronic problems are listed in the January 26 opinion than the diagnoses detailed in the cited portion. (Doc. 14-4, 10-18). Therefore, the January 26 opinion was new evidence.

Second, defendant claims that the January 26 opinion was not material because it is not a "'medical opinion' within the meaning of the regulations." (Doc. 24 at 3).

> Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R. § 404.1527(a)(2). Defendant contends that Dr. Keith's opinion that plaintiff is unable to work is an issue reserved to the Commissioner.

> (e) Medical source opinions on issues reserved to the Commissioner. Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
> > (1) Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

20 C.F.R. § 404.1527(e).

While Dr. Keith stated that plaintiff was "unable to work," this was not a conclusory statement with no explanation. Dr. Keith detailed a list of diagnosed chronic problems suffered by plaintiff. Based upon Dr. Keith's diagnosis, he opined that plaintiff was unable to work. Had Dr. Keith's letter been considered, the Appeals Council could have determined whether plaintiff is unable to work. Whether or not it would have is unknown because it did not have the letter. More important, 20 C.F.R. s. 404.1527(e) does not preclude review of a medical source even when "disabled" or "unable to work" is used in a medical statement. The January 26 opinion is material.

Third, defendant claims that the January 26 opinion was not related to a period of time on or before the ALJ decision. Defendant argues that plaintiff received an unfavorable decision and then sought the medical opinion from Dr. Keith. Furthermore, Dr. Keith's letter states that plaintiff is "currently" not able to work. (Doc. 14 at 16).

Magistrate Judge Cohn found that the January 26 opinion was directly related to Dr. Keith's treatment plans in 2007, which was prior to the ALJ decision. The court agrees. The record shows that Dr. Keith planned to write an unable to work letter as of January 5, 2007. The determination of what weight to assign the January 26 opinion based on the fact that plaintiff acquired it after the ALJ decision is for the ALJ to decide. See Moses v. Barnhart, 321 F. Supp. 2d 1224, 1232 (D. Kan. 2004) (noting that "credibility determinations are ultimately left to the ALJ").

**IV. CONCLUSION**

The court adopts the Recommendation and Report (Doc. 23) for the reasons set forth therein. The January 26 medical opinion is new, material, and directly related to the administrative record prior to the ALJ decision. The case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings to address the magistrate judge's and this court's concerns expressed herein.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).

Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this  21st  day of June 2010, at Wichita, Kansas.

           s/ Monti Belot
           Monti L. Belot
           UNITED STATES DISTRICT JUDGE